RECEIPT # /2257?
AMOUNT $ 156.00
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 12-8-03

FILED
CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2003 DEC -8 A 4:56

U.S. DISTRICT COURT
DISTRICT OF MASS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
DANIEL F. DONAHUE, \*
    PLAINTIFF                \*
                             \*
V.                              \*
                             \*
UNUMPROVIDENT CORPORATION, \*
D/B/A UNUM LIFE INSURANCE \*
COMPANY OF AMERICA, \*
    DEFENDANT                \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL ACTION NO.

COMPLAINT

03-12456 GAO

MAGISTRATE JUDGE Cohen

## I. THE PARTIES

1. The Plaintiff, Daniel F. Donahue ("Mr. Donahue"), is an individual residing at 72 Russell Street, Charlestown, Massachusetts.

2. The Defendant, UnumProvident Corporation d/b/a Unum Life Insurance Company of America ("Unum"), is a corporation duly organized and existing under the laws of the State of Delaware, which maintains its principal place of business at 1 Fountain Square, Chattanooga, Tennessee.

## II. JURISDICTION

3. This Honorable court has original federal jurisdiction over the parties and the subject matter of this litigation pursuant to 29. U.S.C. §1132(e).

## III. GENERAL ALLEGATIONS

4. Mr. Donahue was employed by the Massachusetts Teachers Association ("MTA") from November, 1996 until February, 2001 at which time he became disabled from work due to severe sleep disorders and depression.

5. At the time that Mr. Donahue became disabled, he was, as an employee of MTA, a participant/beneficiary of a Group Long Term Disability Employee Insurance Policy issued by Unum ("the Policy").

6. The Policy is an employee welfare benefit plan as that term is defined in the Employee Retirement Income Security Act of 1974 ("ERISA:"), as amended, 29. U.S.C. §§1001-1401.

7. Despite his entitlement to benefits under the Policy, Unum has wrongfully refused to make any payments due under the Policy to Mr. Donahue.

## IV. CAUSES OF ACTION

### COUNT I.

8. Mr. Donahue re-alleges and incorporates here by reference the factual allegations contained in paragraphs 1-7 above.

9. Mr. Donahue is entitled to benefits under the Policy in the amount of $5,259.84 for each month from August 2, 2001 to the present and continuing in the future.

10. As administrator of the Policy, Unum owed a fiduciary duty to Mr. Donahue with respect to the administration of the plan.

11. Unum breached the fiduciary duty it owed to Mr. Donahue

by refusing to pay him benefits to which he was entitled under the Policy.

12. Unum's refusal to provide Mr. Donahue with benefits under the plan was arbitrary, capricious, and in bad faith.

13. Unum's breach of its fiduciary duty and its arbitrary, capricious, and bad faith denial of Mr. Donahue's claim for benefits has caused Mr. Donahue's to lose to date in excess of $147,253.68.

**WHEREFORE**, the Plaintiff, Daniel F. Donahue, demands

1. Declaratory relief ordering the Defendant, UnumProvident Corporation, d/b/a Unum Life Insurance Company of American to pay the Plaintiff, Daniel Donahue his disability benefits as they become due.

2. Judgment against the Defendant, UnumProvident Corporation, d/b/a Unum Life Insurance Company of American, in the amount of $147,253.68, plus interest, costs, and attorney's fees; and

3. All other relief deemed proper and just.

**DEFENDANT, DANIEL F. DONAHUE,**
By his Attorney,

_/s/ Kevin Donius_
Kevin Donius, Esq.
Corcoran, Fitzgerald & Hennessy, LLC
500 Granite Avenue
Milton, MA 02186
TEL (617) 696-5700
FAX (617) 696-6704
BBO #551298

DATED: December 5, 2003