UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL F. DONAHUE,<br><br>Plaintiff,<br><br>v.<br><br>UNUMPROVIDENT CORPORATION<br>d/b/a UNUM LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 03-12456-GAO<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant Unum Life Insurance Company of America ("Unum" or "Defendant"), hereby answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

#### I. The Parties

1.  Defendant is without knowledge or information sufficient to form a belief as to where Plaintiff currently is residing, and therefore denies the same.

2.  Defendant admits that UnumProvident Corporation is a corporation organized under the laws of the State of Delaware with its principal place of business in Chattanooga, Tennessee, but denies that UnumProvident Corporation is doing business as "Unum Life Insurance Company of America." Rather, UnumProvident Corporation is a parent corporation of Unum Life Insurance Company of America. Unum Life Insurance Company of America is a separate and distinct corporation from UnumProvident Corporation. Unum Life Insurance Company of America issued the long-term disability insurance policy at issue in this action and is wholly responsible for any judgment Plaintiff may receive in this action. Unum expressly denies that Plaintiff is entitled to

{W0207895.1}

judgment of any kind against UnumProvident Corporation or Unum Life Insurance Company of America.

## II. Jurisdiction

3. Defendant admits that this Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e) and personal jurisdiction over the parties, and denies any material allegations to the contrary contained in paragraph 3 of the Complaint.

## III. General Allegations

4. Defendant admits that Plaintiff was employed by the Massachusetts Teachers Association from December 9, 1996, at least until February 2001, and denies the remaining material allegations contained in paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff at the alleged date of disability was a participant in the employee welfare benefit plan (the "Plan") offered by Plaintiff's former employer, the Massachusetts Teachers Association. Unum also admits that Unum issued to the Plan a group long-term disability insurance policy bearing Policy No. (the "Policy"), and denies the remaining material allegations contained in paragraph 5 of the Complaint.

6. Defendant admits that the Policy was issued to the Plan, which is an employee welfare benefit plan as defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and denies any material allegations to the contrary contained in paragraph 6 of the Complaint.

7. Defendant admits that it denied long-term disability benefits for Plaintiff under the terms of the Policy, and denies the remaining material allegations contained in paragraph 7 of the Complaint.

Case 1:03-cv-12456-GAO   Document 8   Filed 02/19/2004   Page 3 of 7

## IV. Causes of Action.

### Count I

8. Defendant repeats and realleges its answers to paragraphs 1 through 7 of the Complaint as if set forth fully herein.

9. Defendant denies the material allegations contained in paragraph 9 of the Complaint.

10. Defendant admits that Unum served as a claims administrator under the terms of the Policy and Plan, and that in that capacity it owed certain fiduciary duties to Plaintiff, and denies any material allegations to the contrary contained in paragraph 10 of the Complaint.

11. Defendant denies the material allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the material allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the material allegations contained in paragraph 13 of the Complaint.

### SECOND DEFENSE

The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

### THIRD DEFENSE

To the extent the Complaint seeks remedies not provided for under ERISA, including but not limited to Plaintiff's request for declaratory relied ordering Defendant

{W0207895.1}   3

to continue paying disability benefits indefinitely into the future, those remedies are preempted by ERISA. *See Pilot Life v. Dedeaux*, 481 U.S. 41 (1987).

## FOURTH DEFENSE

The recovery herein, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the Policy.

## FIFTH DEFENSE

Defendant has complied with and performed all of their promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

## SIXTH DEFENSE

The demand for attorney's fees should not be granted under ERISA because Defendant's handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

## SEVENTH DEFENSE

Each and every act or statement done or made by Defendant and its officers, employees and agents with reference to Plaintiff was a good faith assertion of Defendant's rights and, therefore, was privileged and/or justified.

## EIGHTH DEFENSE

The Policy contains monthly benefits reductions, which offset the amount of disability benefits payable under the Policy.

## NINTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which contentions Defendant denies, such determinations do not mean that

Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of the recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

## TENTH DEFENSE

Defendant's decisions were neither arbitrary nor capricious.

## ELEVENTH DEFENSE

Plaintiff's claims are barred due to Plaintiff's failure to satisfy the conditions precedent of the Policy.

## TWELFTH DEFENSE

Plaintiff may not maintain a claim for breach of fiduciary duty under ERISA against Defendants because he retains an adequate remedy under ERISA § 502(a), 29 U.S.C. § 1132(a).

## THIRTEENTH DEFENSE

Plaintiff has named an improper party as a defendant, namely UnumProvident Corporation, which party should be stricken from the Complaint.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests: (i) that the Court dismiss the claims against Defendant with prejudice and that judgment be entered in Defendant's favor on such claims; (ii) that Defendant be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

DATED: February 17, 2004

*(signature)*

John J. Aromando, BBO #545648
Geraldine G. Sanchez
PIERCE ATWOOD
One Monument Square
Portland, ME 04101
(207) 791-1100

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing pleading has been served upon counsel for Plaintiff, via first-class mail, postage prepaid, addressed as follows:

> Kevin Donius, Esq.
> Corcoran, Fitzgerald & Hennessey, LLC
> 500 Granite Avenue
> Milton, MA  0286

DATED: February 17, 2004

*Geraldine G. Sanchez*

{W0207895.1}