UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 JUL -2 P 12: 52
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| DANIEL F. DONAHUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 03-12456-GAO |
| | ) |
| UNUMPROVIDENT CORPORATION | ) |
| d/b/a UNUM LIFE INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## JOINT STATEMENT OF PARTIES IN
## ACCORDANCE WITH LOCAL RULE 16.1

In accordance with the provisions of Local Rule 16.1(D), and the Court's Notice

of Scheduling Conference dated May 11, 2004, the parties hereby submit their Joint

Statement addressing a proposed pretrial schedule.

Plaintiff's action arises from Defendant Unum Life Insurance Company of

America's ("Unum" or "Defendant") denial of Plaintiff's claim for disability benefits

under an insurance policy (the "Policy") issued to the employee welfare benefit plan (the

"Plan") of Plaintiff's former employer. The Plaintiff has raised a claim for denial of

benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001

*et seq.* ("ERISA"). *See* Plaintiff's Complaint.

Because this is an ERISA action challenging Defendant's denial of disability

benefits, the parties agree that, ordinarily, the Court's review is confined to the

administrative record compiled by Defendant during the claims process. *See Liston v.*

*Unum Corp. Officer Severance Plan*, 330 F.3d 19, 23-24 (1st Cir. 2003). And where, as

here, the Court's review is limited to the administrative record, and the parties have

agreed upon the applicable standard of review, ordinarily no discovery is appropriate,

because it cannot lead to the production of evidence that will be admissible before the

Court. *See* Fed. R. Civ. P. 26(b)(2). The parties have agreed that the appropriate

standard of review in this case is *de novo*.

## I.    The Parties' Proposed Pretrial Schedule.

Defendant has produced a complete copy of the administrative record to Plaintiff.

The parties agree that no further discovery is appropriate in this case.

## II.    Resolution of this Action.

The parties agree that this matter is appropriate for resolution by motion for

judgment on the administrative record. Accordingly, the parties propose the following

schedule:

- On or before October 8, 2004, Unum will file its motion for judgment on the administrative record.

- Plaintiff will file its opposition thereto on or before November 8, 2004, along with a cross-motion for judgment on the administrative record, if any.

- Unum will file an opposition to Plaintiff's cross-motion for judgment, if any, and/or a reply memorandum on or before November 22, 2004.

- Plaintiff will file his reply memorandum, if any, on or before December 3, 2004.

## III.    Trial by Magistrate.

The parties do not wish to seek trial before a Magistrate Judge.

## IV.    Certifications.

Counsel for the parties certify they have conferred with their clients (a) with a

view to establishing a budget for the costs of conducting the full course, and various

alternative courses of the litigation; and (b) to consider the resolution of the litigation

through the use of alternative dispute resolution programs, such as those outlined in Local

Rule 16.4.

The representations of Plaintiff and Defendant required by Local Rule16.1(D)(3)

will be filed under separate cover.

## V.    Settlement.

The Plaintiff has submitted a settlement demand to the Defendant pursuant to

Local Rule 16.1(C). Defendant has responded to the demand. The parties are engaged in

discussions regarding settlement.

Respectfully submitted,

Kevin Donius
CORCORAN, FITZGERALD & HENNESSEY, LLC
500 Granite Avenue
Milton, MA  0286
(617) 696-5700

*Counsel for Plaintiff*

Dated: June 30, 2004

Mark E. Porada /icn/
Mark E. Porada
PIERCE ATWOOD
One Monument Square
Portland, ME 04101
(207) 791-1110

*Counsel for Defendant*
*Unum Life Insurance Company of America*

Dated: June 30, 2004

{W0252473.1}                3